United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Jose Adelmo Mosquera,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 20-20194-CR-Scola<br>)<br>)<br>) |

**Order Denying Defendant's Motion for Compassionate Release**

  Now before the Court is Defendant Jose Adelmo Mosquera's pro se motion for compassionate release 18 U.S.C. § 3582(c)(1)(A). (ECF No. 91). The Government has responded, opposing the motion, submitting that Mosquera has not exhausted his administrative remedies and, even if he had, he has nevertheless failed to establish extraordinary and compelling reasons that would warrant the sentence reduction he seeks. After review and for the reasons set forth below, the Court **denies** Mosquera's motion (**ECF No. 91**).

  In February 2021, Mosquera pleaded guilty, without a written plea agreement, to a two-count information, charging him with conspiracy to possess with intent, along with possession with intent, to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Paperless Min. Entry, ECF No. 55; Information, ECF No. 21; Factual Proffer, ECF No. 54.) Although Mosquera's advisory guideline range was between 168 and 210 months, and the statutory sentencing range was ten years to life, as to each count, the Court, under 18 U.S.C. §§ 3553(f)(1)–(5), sentenced Mosquera to 72 months, followed by two years of supervised release (as to each count, both counts to run concurrently). (PSR ¶ 49; Judgment, ECF No. 88.) As of the filing of his motion, Mosquera had served about 35% of sentence.

  Although the Government contends Mosquera has failed to exhaust his administrative remedies, the Court will nonetheless deem the administrative exhaustion requirement fulfilled. Regardless, as set forth below, the Court finds release according to 18 U.S.C. § 3582(c)(1)(A)(i) is not appropriate in this case for the following reasons.

  To begin with, Mosquera has not met his burden of showing "extraordinary and compelling reasons" supporting his release. In his motion, Mosquera claims to suffer from several conditions: diabetes, hyperlipidemia,

elevated LDL, conjunctivitis, glaucoma, hypermetropia, astigmatism, presbyopia, peripheral vertigo, primary hypertension, myocardial infarction, lateral wall MI by EKG, aggressive periodontitis, gastro-esophageal reflux disease, cutaneous abscess, cellulitis, polyosteoarthritis, joint pain, enlarged prostate, chest pain, heartburn, abnormal finding in blood chemistry, elevated total protein and globulins, and diarrhea. (Def.'s Mot. at 7–8.) He says that all these conditions were either triggered or exacerbated when he was infected with COVID-19. (*Id.* at 8.) He also submits that the conditions of his confinement, during the pandemic, have resulted in a breakdown of his care and treatment. (*Id.* at 10.) The Court finds Mosquera's claims unavailing.

As indicated by Mosquera's medical records, many of his illnesses or conditions are either in remission or have already been resolved by medical care. And all of his conditions are being maintained by treatment and not a single one is life threatening. Further, except for his diabetes, and possibly his high blood pressure, none of Mosquera's other conditions are included on the Centers for Disease Control's list of underlying medical conditions associated with an increased risk of sever COVID-19 illness or death. And, in any event, Mosquera's vaccination status and previous immune reaction to COVID-19 (in August 2020) both weigh against a finding of extraordinary and compelling reasons. In fact, it appears Mosquera's vaccination status may even preclude, without more, his argument "that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *See United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021), *aff'd,* No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021); *United States v. Singh*, 525 F. Supp. 3d 543, 547 (M.D. Pa. 2021) (concluding that prisoner's "recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with [his] underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release").

Additionally, even if Mosquera had shown extraordinary and compelling reasons in favor of his release, he did not demonstrate that the § 3553 factors weigh in his favor. At the time of his sentencing, the Court carefully considered the nature and circumstances of the offense and Mosquera's history and characteristics, along with the need to ensure adequate punishment, deterrence, and community protection. Notably, Mosquera was on a semi-submersible vessel with 1400 kilograms of cocaine—a huge amount, even by South Florida standards. His sentencing guidelines range was significantly above the 72-month sentence he received, only 35% of which he has served. Releasing Mosquera now would not adequately account for the severity of his crimes, promote respect for the law, provide just punishment for the offense,

afford adequate deterrence to criminal conduct, or properly avoid unwarranted sentencing disparities between defendants who have committed similar offenses. In short, the 3553(a) factors do not weigh in favor of Mosquera's release.

Accordingly, the Court **denies** Mosquera's motion for compassionate release (**ECF No. 91**).

**Done and ordered** at Miami, Florida, on August 15, 2022.

Robert N. Scola, Jr.
United States District Judge