United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, <br> Plaintiff, <br> <br> v. <br> <br> Jose Adelmo Mosquera, Defendant. | ) <br> ) <br> ) <br> ) Criminal Case No. 20-20194-CR-Scola <br> ) <br> ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Jose Adelmo Mosquera's pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 113.) The Government has responded, opposing the Defendant's motion. (Resp., ECF No. 117.) The Defendant has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence. (**Mot., ECF No. 113**.)

1. **Background**

On February 8, 2021, the Defendant pleaded guilty to a two-count information. Count one charged the Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). (ECF No. 21.) Count two charged him with possession with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1). *Id.*

Following the Defendant's change of plea, the United States Probation Office prepared a Pre-Sentence Investigation report ("PSI"). According to the PSI, on May 14, 2020, the United States Navel Destroyer *Pickney* was on routine patrol in the Eastern Pacific Ocean, when a marine patrol aircraft notified the crew of a self-propelled semi-submersible low-profile vessel ("LPV") approximately 86 nautical miles from Isla Malpelo, Colombia. (PSI ¶3.) The USS *Pickney* then intercepted the LPV, requesting and receiving permission to conduct a right to visit the LPV. (*Id.*) The United States Coast Guard deployed two inflatable boats that intercepted the LPV and, at that time, three Colombian suspects were identified on board as Robert Janxons Castro Riascos ("Castro Riascos"), Carlos Alfredo Valencia Renteria ("Valencia Renteria"), and the Defendant. (*Id.* ¶4.) As the LPV had no markings or indicia of nationality, it was treated without nationality and a full law enforcement boarding was conducted.

(*Id.*)

During the boarding, Castro Riascos identified himself as the master of the vessel, but he refused to make any claim of nationality for the LPV. (*Id.* ¶5.) During the search, officers located 70 bales of cocaine, which were confirmed positive by utilizing a narcotics identification kit. *Id.* In total, the bales contained 1,400 kilograms of cocaine. *Id.* None of the Defendants were assessed an aggravating role as there was no evidence to suggest they supervised or managed one another. (*Id.* ¶8.)

The PSI determined that the base offense level was a 38, as the Defendant was responsible for 1,400 kilograms of cocaine. (*Id.* ¶14.) It also added a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(3)(B) for unlawful import or export of a controlled substance on a semi-submersible and a two-level reduction because the Defendant satisfied the safety-valve criteria in U.S.S.G. § 2B1.1(b)(18). With a three-level reduction for acceptance of responsibility, the Defendant's total offense level was a 35. (*Id.* ¶24.) The PSI also determined that the Defendant had no prior criminal history, scoring zero criminal history points. (*Id.* ¶27.) With a criminal history category I and a total offense level of 35, the defendant's imprisonment guideline range was 168 to 210 months. (*Id.* ¶49.) Although the charges carried a ten-year mandatory minimum, the defendant satisfied all safety-valve criteria. (*Id.* ¶48.)

At sentencing, the Court sentenced the defendant to 72 months' imprisonment as to both counts. (ECF No. 84, 88.) Thereafter, on July 5, 2022, the Defendant filed an emergency motion for compassionate release, which the Court denied. (ECF Nos. 91, 94.) The Court also denied the Defendant's motion for reconsideration of that order. (ECF Nos. 96, 97.) Thereafter, the Defendant filed a motion for a reduction in sentence under the Cares Act, along with a motion for a 50.50.50 reduction in sentence, both of which were also denied. (ECF Nos.98, 100, 106.)

The Defendant is serving his sentence at FMC Fort Worth, with an anticipated release date of June 23, 2025. Since his incarceration, he has had no disciplinary history.

Since the Defendant was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). The Defendant now seeks a reduction of his sentence pursuant to a retroactive application of 28 U.S.C. § 3582 and Amendment 821 to the Court's judgment. (ECF No. 113.)

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

### A. The Defendant is not eligible for a sentence reduction.

As noted, the retroactive amendment that the Defendant invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Here, however, the Court need not determine whether the Defendant meets these criteria because a reduction of his sentence would not be consistent with Amendment 821's applicable policy statements. Specifically, if the Court were to apply Amendment 821 to the Defendant's guideline range, it would result in an offense level of 33, with a criminal history category of I, and a new

guideline range of 135 to 168 months. However, pursuant to the applicable policy statement, the Court cannot reduce the Defendant's term of imprisonment below the minimum of the amended guideline range—*i.e.,* below 135 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up). Because the Court's judgment imposed a sentence of 72 months, which is below the new guideline range, the Court is precluded by the applicable policy statement from reducing the Defendant's sentence pursuant to § 3582(c)(2).[1] Moreover, because a reduction in the Defendant's sentence would be inconsistent with the applicable policy statements, the Court need not consider the § 3553(a) factors.

       The Court notes there is one narrow exception to this general rule, which does not apply here. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" carveout, however, applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b). When "[t]he Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); see also *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335-36 (11th Cir. 2017) (same).

       In this case, the Defendant did not provide any substantial assistance to the government. And there has been no "government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Thus, he is ineligible for a sentence reduction based pm this exception.

---

[1] At sentencing, the Defendant objected to a two-level enhancement for the use of a semi-submersible vessel. But even if this objection had been sustained, his original total offence level would have been a 33 with a criminal history category of I, yielding an original guideline range of 135 to 168 months. Factoring in an additional two-level reduction as a zero-point offender, the Defendant's amended guideline range would be 108 to 135 months. Thus, either way, the Defendant's original 72-month sentence would be well below the amended guideline range.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** the Defendant's motion for a reduction of his sentence (**ECF No. 113**.)

**Done and ordered** at Miami, Florida on February 2, 2024.

_____
Robert N. Scola, Jr.
United States District Judge