United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 20-20194-CR-Scola ) |
| Jose Adelmo Mosquera, Defendant. | ) |

### Order Granting Motion for Sentence Reduction

This matter is before the Court on Defendant Jose Adelmo Mosquera's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 122.) The Government has responded, agreeing that Adelmo Mosquera is eligible for reduction and that his sentence should be reduced in light of the Court's decision at sentencing to sentence him towards the low end of the guidelines. (Resp., ECF No. 125.) Adelmo Mosquera has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants** the motion for reduction of sentence, in part, but **denies** Adelmo Mosquera's request for the appointment of counsel. (**ECF No. 122**.)

### 1. Background

On February 8, 2021, the Defendant pleaded guilty to a two-count information. Count one charged the Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). (ECF No. 21.) Count two charged him with possession with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1). *Id.*

Following the Defendant's change of plea, the United States Probation Office prepared a Pre-Sentence Investigation report ("PSI"). The PSI determined that Adelmo Mosquera had a total offense level of 35, a criminal history category of I, and an advisory guideline range of 168 to 210. However, after the Court applied a minor-role reduction, concluded that the semi-submersible vessel enhancement was inapplicable, and that the statutory safety valve applied, the Court calculated the Defendant's offense level was 27, yielding an advisory guideline range was 70 to 87 months. At sentencing, the Court sentenced the defendant to 72 months' imprisonment, towards the low end of the guidelines, as to both counts, to be followed by two years' supervised release. (ECF No. 84, 88.)

Since the Defendant was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). The Defendant now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 72 months in prison and two years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

#### A. Adelmo Mosquera is entitled to a sentence reduction.

As noted, the retroactive amendment that Adelmo Mosquera invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

>   (10) the defendant did not receive an adjustment under §3B1.1
>   (Aggravating Role) and was not engaged in a continuing criminal
>   enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, as the Government acknowledges, a review of Adelmo Mosquera's case reveals he is indeed eligible for a sentence reduction pursuant to Amendment 821. Adelmo Mosquera qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Adelmo Mosquera's sentence is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in Adelmo Mosquera's sentence results in offense level of 25, instead of 27, with a new guideline range of 57 to 71 months. Upon considering the § 3553(a) factors, the Court concludes that Adelmo Mosquera is entitled to a reduction in his sentence, approximately proportionate to his original sentence, just above the low-end of his reduced guidelines. Where the Court initially imposed a sentence of 72 months, within Adelmo Mosquera's original guideline range of 70 to 87 months, the Court now reduces his sentence to 60 months. Since this is nonetheless above the minimum of Adelmo Mosquera's amended guideline range, it does not run afoul of the relevant policy statement. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

### B. Adelmo Mosquera is not entitled to appointment of counsel.

Finally, the Court also determines that Adelmo Mosquera is not entitled to appointment of counsel to pursue his motion for reduction of sentence. Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Additionally, Adelmo Mosquera establishes no unique facts or circumstances that would warrant the Court's exercise of discretion to appoint counsel here.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **grants in part and denies in part** Adelmo Mosquera's motion (**ECF No. 122**). The Court reduces Adelmo

Mosquera's sentence to **60 months** in prison, with all other terms and conditions to remain in effect, including his two years of supervised release. At the same time, the Court denies Adelmo Mosquera's request for the appointment of counsel.

**Done and ordered** in Miami, Florida on July 25, 2024.

_____
Robert N. Scola, Jr.
United States District Judge